UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LEONDRE WOODSON, <br><br> Plaintiff, <br><br> v. <br><br> IDOC, et al., <br><br> Defendants. | CAUSE NO.: 3:18-CV-557-JD-MGG |

OPINION AND ORDER

Leondre Woodson, a prisoner without a lawyer, filed an amended complaint alleging that he suffers from albinism and that, while housed at the Miami Correctional Facility,[1] he did not receive adequate accommodations for his disability. He has sued the Indiana Department of Correction (IDOC) and Kim Myers. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

Woodson alleges that his albinism has rendered him legally blind. He asserts that he needs a bottom bunk and needs to be housed on the bottom range because of his

---

[1] Woodson has recently been relocated to the Putnamville Correctional Facility. (ECF 10.)

vision difficulties. He further alleges that he requested bottom bunk and bottom range passes from Kim Myers, an employee of Wexford Medical Group, but she refused to issue him a bottom bunk or bottom range pass because he did not qualify. Woodson also claims that, due to his albinism, he requires sunscreen with a very high sun protection factor or SPF, and that the sunscreen he needs is unavailable. He further alleges that he has difficulty navigating the prison grounds because the sunlight blinds him and burns his skin. Additionally, Woodson alleges that he is required to use a kiosk to submit commissary orders and to receive and send mail. He, however, cannot use the kiosk due to his impaired vision, and no alternative method of accessing the services the kiosk provides has been made available to him.

To state a claim under the Rehabilitation Act[2] for failure to accommodate his physical impairments, Woodsen must plausibly allege that: "(1) he is a qualified person (2) with a disability and (3) the Department of Corrections denied him access to a program or activity because of his disability." *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671-72 (7th Cir. 2012)(citations omitted). Woodson's albinism and resulting vision difficulties qualify as disabilities. And, he alleges that these disabilities have limited his access to a variety of programs and activities. His vision difficulties make it impossible for him to use the kiosk that allows him to order items from commissary or utilize his mail privileges. His vision difficulties make it difficult for him to access a top bunk.

---

[2] While Woodson alleges that the IDOC failed to accommodate his disability, he does specify if he is seeking relief under the Americans with Disabilities Act or the Rehabilitation Act. Because the relief available to him under the two statutes is coextensive, his claims will be analyzed only under the Rehabilitation Act. *See Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671-72 (7th Cir. 2012).

And, his vision difficulties make it difficult for him to walk anywhere where there is bright light, including the area where meals are served. The lack of access to sunscreen appropriate to his condition further limits his ability to be outside. These are all programs or activities within the meaning of the Rehabilitation Act. *See Simmons v. Godinez*, No. 16 C 4501, 2017 WL 3568408, at *6 (N.D. Ill. Aug. 16, 2017)("[C]ourts in this Circuit have concluded that [p]risons must provide beds for inmates, and this is arguably a service within the meaning of the ADA and/or [Rehabilitation Act].")(quotations and citations omitted); *Jaros*, 684 F.3d at 672 (noting that the prison's refusal to accommodate a disability that keeps an inmate from accessing the showers and meals on the same basis as other inmates violates the Rehabilitation Act). Given the inferences he is entitled at this stage of the proceedings, Woodson has stated a plausible claim for a violation of the Rehabilitation Act by the IDOC.

Woodson has also sued Kim Myers, but prison employees have no individual liability under the Rehabilitation Act; these claims must be brought against a governmental entity. 42 U.S.C. § 12132; *Jaros*, 684 F.3d at 672 ("[E]mployees of the Department of Corrections are not amenable to suit under the Rehabilitation Act or ADA."). And, Woodson has not stated a plausible claim against Myers under the Eighth Amendment either. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical need. *Estelle v. Gamble*, 429 U.S. 97 (1976). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not

to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Woodson's complaint alleges only that Myers stated that he did not qualify for the bottom bunk and range passes. This allegation does not permit a reasonable inference that Myers was deliberately indifferent to Woodson's medical needs when she refused to provide him with bottom bunk and range passes.

For these reasons, the court:

(1) GRANTS Leondre Woodson leave to proceed against the Indiana Department of Correction for compensatory damages for violating the Rehabilitation Act by denying him access to services and activities while he was housed at the Miami Correctional Institute;

(2) DISMISSES all other claims;

(3) DISMISSES Kim Myers as a defendant;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on the IDOC with a copy of this order and the complaint (ECF 8) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), the IDOC to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 9, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT