UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LEONDRE WOODSON,

    Plaintiff,

    v.                                     CAUSE NO.: 3:18-CV-557-JD-MGG

IDOC,

    Defendant.

## OPINION AND ORDER

Leondre Woodson, a prisoner without a lawyer, was granted leave to proceed on a claim against the Indiana Department of Correction for compensatory damages for violating the Rehabilitation Act, 29 U.S.C. § 794, by denying him access to services and activities while he was housed at the Miami Correctional Facility. Woodson suffers from disabilities related to his albinism, including vision difficulties. Woodson alleges that the Indiana Department of Corrections denied him access to programs because of his disabilities, including commissary, mail privileges, appropriate sleeping accommodations, adequate sunscreen, and access to brightly lit areas including the area where meals are served. The defendants filed the instant motion for summary judgment arguing that Woodson failed to exhaust his administrative remedies. Woodson did not file a response, although he was warned of the consequences of failing to respond. (ECF 24).

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). Nevertheless, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, such as by failing to provide him

2

with the necessary forms, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Woodson was incarcerated at the Miami Correctional Facility from July 14, 2017, until August 8, 2018. (ECF 23-1 at ¶ 14.) The grievance policy for the Indiana Department of Correction in effect when Woodson was transferred to Miami Correctional Facility consisted of three stages: an informal complaint, a formal complaint, and a formal appeal. (*Id.* at ¶ 11.) An updated policy took effect on October 1, 2017. (*Id.* at ¶ 9.) Under the new policy, the process consisted of the following steps: a formal attempt to solve a problem or concern following unsuccessful attempts at informal resolution, a written appeal to the Warden or his designee, and a written appeal to the Department Grievance Manager. (*Id.* at ¶ 12.) Thus, both processes under which Woodson could have filed a grievance required that he file a formal grievance.

According to the grievance records, Woodson did not submit a formal grievance. (*Id.* at ¶ 17.) Woodson has offered no evidence to the contrary. Woodson appears to understand the grievance process; he has filed nine formal grievances while incarcerated with the Indiana Department of Corrections. (ECF 23-4.) The undisputed evidence shows that Woodson initiated this lawsuit without exhausting those remedies. There is no evidence that the grievance process was made unavailable to him. Therefore, the court must grant the defendant's summary judgment motion.

For these reasons, the court GRANTS the defendant's motion for summary judgment (ECF 22). This case is DISMISSED without prejudice pursuant to 42 U.S.C. 1997(e)(a).

SO ORDERED on April 22, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT